No. 2--02--0755 

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

RAKESH MARWAHA,       ) Appeal from the Circuit Court

  ) of Du Page County.

Plaintiff-Appellee, )

) 

v. ) No. 01--MR--1020

) 

WOODRIDGE CLINIC, S.C.,         ) Honorable

) Edward R. Duncan, Jr.

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________ 

JUSTICE O'MALLEY delivered the opinion of the court:

This case concerns the enforceability of a covenant not to compete.  Plaintiff, Rakesh Marwaha, sued, seeking a declaratory judgment that the covenant was not enforceable.  Defendant, Woodridge Clinic, S.C., countersued for injunctive relief and damages based on plaintiff's alleged violation of the covenant.  On July 23, 2002, the trial court granted plaintiff's motion for summary judgment, finding that the covenant was not enforceable.  Defendant timely appeals.  We affirm.

Plaintiff is a medical doctor, and defendant is a medical clinic.  On April 23, 1993, plaintiff entered into an employment agreement with defendant.  The employment agreement provided that "[t]he employment of the Doctor shall be for the period beginning July 1, 1993 and ending June 30, 1996."  The employment agreement contained no provision for automatic extension or continuation beyond June 30, 1996.

The employment agreement contained a covenant not to compete that stated as follows:

"The Doctor agrees that upon termination of the Doctor's employment for any reason, the Doctor shall not in any way conduct a practice, contact patients of Employer, participate in a medical practice as an employee, partner, shareholder, owner or consultant, within a ten mile radius of any offices of the Employer and local hospitals for a period of two years, or for such radius and period of time as any Court may deem fair and reasonable.  Doctor will not maintain staff privileges at said local hospitals after his termination.  Should said Courts find the ten mile radius and two year period unreasonable, which provision the Doctor agrees to be bound on, Doctor agrees to pay for all attorney fees, legal fees, Court costs, service fees and any other expense of litigation, should the Employer have to go to Court to enforce this provision in seeking a Restraining Order or for damages incurred by the Employer in enforcing this provision.  This provision shall survive the termination of this agreement, and no matter what, shall continue to be enforceable against the Doctor."

After the expiration of the employment agreement on June 30, 1996, plaintiff continued to work for defendant.  He finally received a notice of termination on November 24, 2001.  During the interim, plaintiff and defendant were engaged in a dispute over whether and under what terms plaintiff would become a partner in the medical practice.  In its brief, defendant admits that, other than those provisions that provided that they survived the termination of the agreement, the employment agreement did not govern the relationship between the parties after June 30, 1996.

At trial, defendant contended that plaintiff's termination on November 24, 2001, triggered the noncompete clause because the noncompete clause provided that it survived the termination of the employment agreement.  The trial court rejected this argument and granted plaintiff's motion for summary judgment.

The trial court identified several independent grounds for its holding.  We concern ourselves only with the first because it is dispositive of the issue.  The trial court held that the word "employment," as used in the phrase "upon termination of the Doctor's employment" in the noncompete clause, referred to employment under the employment agreement.  Plaintiff’s employment under the employment agreement terminated on June 30, 1996.  Thus, the clause was not triggered by the November 24, 2001, termination that took place five years after the expiration of the employment agreement.  On appeal defendant argues that this holding was error.  We disagree.

We review 
de novo
 the trial court's grant of a motion for summary judgment
.  
Guillen v. Potomac Insurance Co. of Illinois
, 203 Ill. 2d 141, 149 (2003).  Additionally, courts strictly construe and interpret covenants not to compete, and any doubts or ambiguities must be resolved against the restriction.  
Bloomington Urological Associates v. Scaglia
, 292 Ill. App. 3d 793, 798 (1997).

The only reasonable reading of the covenant not to compete is that the language "termination of the doctor's employment" referred only to employment under the employment agreement.  An earlier section of the agreement provided that "[t]he employment of the Doctor shall be for the period beginning July 1, 1993 and ending June 30, 1996."  This statement clearly uses "employment" in the sense of the employment contemplated under the employment agreement.  It has long been the rule that "[u]nless a contrary intent is evident, words used in one sense in one part of a contract are deemed of like significance in another part."  
Cedar Park Cemetery Ass'n v. Village of Calumet Park
, 398 Ill. 324, 334 (1947).  Defendant, however, points to language in a later section of the contract that states,  "In addition to the above, after the third year of employment, provided that the Doctor is still employed by the Employer, and provided that the Doctor has performed his medical services as agreed to in this contract, Employer shall give the Doctor at that time, an opportunity to purchase stock in the Employer Company ***."  This provision uses "employed" in the general sense of working for the company.  At best, this statement creates an ambiguity as to the meaning of "employment" in the covenant not to compete.  Again, we construe ambiguities against the party seeking to enforce a covenant not to compete.

We observe that it would be strange for parties to an employment contract to provide for a noncompete provision to exist in perpetuity.  Such a provision would govern the terms of other not-yet-existent employment contracts between the same parties.  In most circumstances, parties would be better positioned to decide the scope of noncompete agreements that apply to future employment contracts when they negotiate those contracts because, at that time, they would have the benefit of greater information about their future circumstances.  Defendant responds that the language stating that the noncompete clause "shall survive the termination of this agreement, and no matter what, shall continue to be enforceable against the Doctor" specifically provides that the clause applies to future employment relationships between the parties.  The more reasonable interpretation of this statement, however, is that the parties simply meant to clarify that the noncompete provision, although triggered at or prior to the termination of the employment agreement, would continue to be effective for its two-year term even if that term extended beyond the term of the employment agreement.

In our view, the covenant not to compete was triggered only by the termination of the employment under the employment agreement, not by the termination of subsequent employment under a different agreement.  This conclusion is reinforced by the rule that courts are to strictly construe restrictive covenants.  We hold that plaintiff’s termination on November 24, 2001, did not trigger the noncompete clause.  The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

GROMETER and GILLERAN JOHNSON, JJ., concur.